CV 07 4896

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND COURTHOUSE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 27 2007 ★

LONG ISLAND OFFICE

UNITED STATES OF AMERICA,

Plaintiff

v.

BEWILD, INC.; and BRIAN COHEN,
individually and in his capacity as President
of BeWild, Inc.,

Defendants.

CIV. NO.

(NST)

WEXLER, J.

BOYLE, M.

## CONSENT DECREE AND ORDER FOR
## CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF

WHEREAS, plaintiff, the United States of America, has commenced this action by filing the Complaint herein; defendants have waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law;

THEREFORE, on the joint motion of plaintiff and defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

### FINDINGS

1. This Court has jurisdiction of the subject matter and of the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2. Venue is proper to all parties in the Eastern District of New York under 28 U.S.C.

§§ 1391(b)-(d) and 15 U.S.C. § 53(b).

3. The activities of the defendants are in or affecting commerce as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against the defendants under Sections 9(a) and 9(b) of the Fairness to Contact Lens Consumers Act ("FCLCA"), 15 U.S.C. §§ 7608(a) and (b), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b(a)(1).

5. Defendants have entered into this Consent Decree and Order for Civil Penalty, Permanent Injunction, and Other Relief ("Order") freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6. Plaintiff and defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Plaintiff and defendants stipulate and agree that the entry of this Order shall constitute a full, complete, and final settlement of this action.

8. Defendants have agreed that this Order does not entitle defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and defendants further waive any rights to attorneys' fees that may arise under said provision of law.

9. Entry of this Order is in the public interest.

**DEFINITIONS**

10. "Defendants" shall mean BeWild, Inc. ("BeWild"), its divisions, subsidiaries, affiliates, and its successors or assigns; and Brian Cohen, individually, and in his capacity as President of BeWild.

11. "Rule" shall mean the Federal Trade Commission's Contact Lens Rule, 16 C.F.R. Part 315.

12. The term "contact lens" shall mean any contact lens for which State or Federal law requires a prescription.

13. The term "contact lens prescription" shall mean a prescription, issued in accordance with State and Federal law, that contains sufficient information for the complete and accurate filling of a prescription for contact lenses, including the following:

   a. The name of the patient;

   b. The date of the examination;

   c. The issue date and expiration date of prescription;

   d. The name, postal address, telephone number, and facsimile telephone number of prescriber;

   e. The power, material or manufacturer or both of the prescribed contact lens;

   f. The base curve or appropriate designation of the prescribed contact lens; and

   g. In the case of a private label contact lens, the name of the manufacturer, trade name of the private label brand, and, if applicable, trade name of the equivalent brand name.

14. "Contact lens fitting" shall mean the process that begins after an initial eye examination for contact lenses and ends when a successful fit has been achieved or, in the case of a renewal prescription, ends when the prescriber determines that no change in the existing prescription is required, and such term may include:

   a. An examination to determine the lens specifications;

   b. Except in the case of a renewal of a contact lens prescription, an initial evaluation of the fit of the contact lens on the eye; and

   c. Medically necessary follow-up examinations.

15. "Private label contact lenses" shall mean contact lenses that are sold under the label of a seller where the contact lenses are identical to lenses made by the same manufacturer but sold under the labels of other sellers.

16. "Direct communication" shall mean completed communication by telephone, facsimile, or electronic mail.

17. "Prescriber" shall mean, with respect to contact lens prescriptions, an ophthalmologist, optometrist, or other person permitted under State law to issue prescriptions for contact lenses in compliance with any applicable requirements established by the United States Food and Drug Administration. "Other person," for purposes of this definition, includes a dispensing optician who is permitted under State law to issue prescriptions and who is authorized or permitted under State law to perform contact lens fitting services.

## INJUNCTION

18. Defendants, their successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with any one of

them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from selling contact lenses to a consumer without a contact lens prescription for that consumer that is either:

    a. Presented to the defendants by the consumer or prescriber directly or by facsimile; or

    b. Verified by direct communication with the prescriber.

19. Defendants, their successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with any one of them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from failing to maintain the following:

    a. For prescriptions presented to the defendants as described in Paragraph 18(a), the prescription itself, or the facsimile version thereof (including an email containing a digital image of the prescription); and

    b. For verification requests made by the defendants as described in Paragraph 18(b):

        i. If the communication occurs via facsimile or email, a copy of the verification request, including the information provided to the prescriber regarding the consumer, and confirmation of the completed transmission thereof, including a record of the date and time the request was made.

  ii. If the communication occurs via telephone, a log (a) describing the information provided to the prescriber; (b) setting forth the date and time the request was made; (c) indicating how the call was completed; and (d) listing the names of the individuals who participated in the calls.

 c. For communications from the prescriber, including prescription verifications:

  i. If the communication occurs via facsimile or email, a copy of the communication and a record of the time and date it was received;

  ii. If the communication occurs via telephone, a log describing the information communicated, the date and time that the information was received, and the names of the individuals who participated in the call.

20. Defendants, their successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with any one of them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from misrepresenting by advertisement, sales presentation, or otherwise that contact lenses may be obtained without a prescription.

21. Defendants, their successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with any one of them, who receive actual notice of this Order by personal service or otherwise, are hereby

enjoined, directly or through any corporation, subsidiary, division, website, or other device, from violating any provision of the Contact Lens Rule, 16 C.F.R. Part 315, and as the Rule may hereafter be amended. A copy of the Rule is attached hereto as Attachment A and incorporated herein as if fully set forth verbatim.

## CIVIL PENALTY

22. Defendants BeWild and Brian Cohen shall pay to plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of eleven thousand dollars ($11,000). Defendants are jointly and severally responsible for paying the penalty. Defendants shall, within five (5) days of receipt of notice of the entry of this Order, transfer the sum of $11,000 in the form of a wire transfer or certified cashier's check made payable to the Treasurer of the United States. The check and/or written confirmation of the wire transfer shall be delivered in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.

23. Each defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Federal Trade Commission ("FTC" or "Commission") the defendant's taxpayer identifying number (social security number or employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of its relationship with the government.

24. In the event of default on the payment required to be made under this Paragraph, the entire unpaid civil penalty, together with interest computed under 28 U.S.C. § 1961 (accrued from the date of default until the date of payment) shall be immediately due and payable. Defendants agree that, in such event, the facts as alleged in the Complaint filed in this action

shall be taken as true in any subsequent litigation filed by plaintiff or the Commission to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy proceeding.

25. Defendants shall cooperate fully with plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Paragraph if any defendant fails to pay fully the amount due at the time specified herein. In such an event, defendants agree to provide plaintiff and the Commission with their federal and state tax returns for the preceding two (2) years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from plaintiff or the Commission to do so. Defendants further authorize plaintiff and the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including, but not limited to, financial institutions.

## DISTRIBUTION OF ORDER BY DEFENDANTS

26. For a period of five (5) years from the date of entry of this Order, defendants shall deliver copies of the Order as directed below:

> a. Defendant BeWild shall deliver a copy of this Order and the FTC's compliance guides entitled, *The Contact Lens Rule: A Guide for Prescribers and Sellers* and *Complying with the Contact Lens Rule* (collectively, the "Compliance Guides"), attached hereto as Attachments B and C, to all of its principals, officers, directors, and managers. Defendant BeWild also shall deliver copies of this Order and Compliance Guides to all of its employees, agents, and representatives who engage in conduct

related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant BeWild. For new personnel, delivery shall occur prior to their assuming their responsibilities.

b.  For any business that defendant Cohen controls, directly or indirectly, or in which he has a majority ownership interest, and that engages in conduct related to the subject matter of this Order, defendant Cohen shall deliver a copy of this Order and the Compliance Guides to all principals, officers, directors, and managers of that business. Defendant Cohen also shall deliver a copy of this Order and the Compliance Guides to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon defendant Cohen. For new personnel, delivery shall occur prior to their assuming their responsibilities.

c.  For any business where defendant Cohen is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, defendant Cohen shall deliver a copy of this Order and the Compliance Guides to all principals and managers of such business before engaging in such conduct.

d.  Defendant BeWild and defendant Cohen shall secure a signed and dated statement acknowledging receipt of the Order and the Compliance Guides,

within thirty (30) days of delivery, from all persons receiving a copy of the Order and the Compliance Guides pursuant to this Paragraph, and shall maintain these statements in accordance with Paragraph 35.

## COMPLIANCE MONITORING

27. Within ten (10) days of receipt of written notice from a representative of the FTC, or within such time as may be granted, in his or her discretion, by a Commission representative, each defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession, or direct or indirect control, to inspect the business operation.

28. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

   a. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Rules 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure; and

   b. posing as consumers and suppliers to defendants, defendants' employees, or any other entity managed or controlled in whole or in part by defendant BeWild and defendant Cohen, without the necessity of identification or prior notice.

29. Defendant BeWild and defendant Cohen shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct

subject to this Order. The person interviewed may have counsel present.

30. Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce within the meaning of 15 U.S.C. § 45(a)(1).

## COMPLIANCE REPORTING

31. For a period of five (5) years from the date of entry of this Order,

   a. Defendants Cohen shall notify the Commission of the following:

      i. Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

      ii. Any changes in his employment status (including self-employment), and any change in his ownership of any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each such business that defendant Cohen is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of his duties and responsibilities in connection with the business or employment; and

      iii. Any changes in defendant Cohen's name or use of any aliases or fictitious names.

   b. Defendants shall notify the Commission of any changes in the corporate structure of defendant BeWild, or of any business entity that defendant

Cohen directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change; *provided that*, with respect to any proposed change in the corporation about which the defendant learns less than thirty (30) days prior to the date such action is to take place, the defendant shall notify the Commission as soon as it is practicable after obtaining such knowledge.

32. Within sixty (60) days after the date of entry of this Order, defendants BeWild and Cohen shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    a. For defendant Cohen:

        i. His then-current residence address, mailing addresses, and telephone numbers;

        ii. His then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and his title and responsibilities for each such employer or business; and

iii. Any other changes required to be reported under Paragraph 31.

b. For all defendants:

i. A copy of each acknowledgment of receipt of this Order and the Compliance Guides obtained pursuant to Paragraph 26;

ii. Any other changes required to be reported under Paragraph 31;

iii. A statement describing in detail the process for obtaining copies of contact lens prescriptions for orders obtained through all sales channels, including, but not limited to, telephone sales and Internet sales;

iv. A statement describing the process for verifying contact lens prescriptions for orders obtained through all sales channels, including, but not limited to, telephone sales and Internet sales;

v. A sample copy of each different type of communication used to request prescription information from consumers, including, but not limited to, any online form, email message, telephone script, web page, or screen;

vi. A sample copy of each different type of communication used to submit verification requests to prescribers, including, but not limited to, any fax form, email message, or telephone script;

vii. A statement describing defendants' procedure for maintaining the records required by the Rule, including, but not limited to, contact lens prescriptions directly presented to defendants, prescription

     verification requests submitted to prescribers, and direct

     communications received from prescribers; and

  viii. A list of persons or employees who are responsible for collecting

     and maintaining compliance-related information.

33. For the purposes of this Order, defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director, Division of Enforcement
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W.
> Washington, D.C. 20580
> ATTN: *United States v. BeWild, Inc.*

34. For purposes of compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with defendants BeWild and Cohen unless or until a defendant notifies the Commission that the defendant is represented by counsel and would prefer that the Commission communicate directly with the defendant's counsel.

## RECORDKEEPING

35. For a period of six (6) years from the date of entry of this Order, defendants shall maintain, and make available to the Commission pursuant to Paragraph 27, business records demonstrating full compliance with the terms and provisions of this Order, including, but not limited to: a sample copy of every different type of communication used to request prescription information from consumers or to submit verification requests to prescribers; copies of all acknowledgments of receipt of this Order required by Paragraph 26; and all reports submitted to the Commission pursuant to Paragraphs 31 and 32. Electronic copies shall include all text and graphic files, audio scripts, and other computer files used to present information to consumers

and/or prescribers.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

36. Each defendant, within five (5) business days of receipt of this Order as entered by the Court, shall submit to the Commission a truthful, sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

37. This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

JUDGMENT IS THEREFORE ENTERED pursuant to all the terms and conditions recited above.

Dated this \_\_\_3\_\_\_ Day of \_\_December\_\_, 2007.

_____
UNITED STATES DISTRICT JUDGE

Central Dp, N.Y.

FOR THE UNITED STATES OF AMERICA:

PETER D. KEISLER
Assistant Attorney General
Civil Division
United States Department of Justice

By: _____
KENNETH L. JOST
Deputy Director
Office of Consumer Litigation
Civil Division
United States Department of Justice
Washington, D.C. 20530
(202) 616-0219 (telephone)
(202) 514-8742 (facsimile)

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

By: _____
THOMAS A. McFARLAND
Assistant United States Attorney
610 Federal Plaza
Central Islip, NY 11722-4454
(631) 715-7900 (telephone)
(631) 715-7922 (facsimile)

FOR THE FEDERAL TRADE COMMISSION

_Karen Jagielski/BW_
KAREN JAGIELSKI
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2509 (telephone)
(202) 325-3259 (facsimile)


FOR THE DEFENDANTS:

_[signature]_ President BeWild Inc
BRIAN COHEN, individually and
on behalf of BEWILD, INC.

_Munford Page Hall, II_
M. PAGE HALL II, ESQ.
Adduci, Mastriani & Schaumberg, LLP
1200 17th Street, N.W.
Washington, D.C. 20036
(202) 467-6300 (telephone)
(202) 466-2006

FOR THE FEDERAL TRADE COMMISSION

_____
KAREN JAGIELSKI
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2509 (telephone)
(202) 325-3259 (facsimile)


FOR THE DEFENDANTS:

_____ *President*
BRIAN COHEN, individually and
on behalf of BEWILD, INC.


*M. Page Hall, II*
_____
M. PAGE HALL II, ESQ.
Adduci, Mastriani & Schaumberg, LLP
1200 17th Street, N.W.
Washington, D.C. 20036
(202) 467-6300 (telephone)
(202) 466-2006